UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HERBERT APONTE,

                Petitioner,                            **NOT FOR PUBLICATION**
                                                            **MEMORANDUM & ORDER**
-against-                                                   09-CV-4334 (CBA)

RICHARD A. BROWN, Queens District
Attorney,

                Respondent.
-----------------------------------------------------------------x
AMON, United States District Judge.

Petitioner Herbert Aponte ("Aponte" or "petitioner") brings this *pro se* application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner's claim arises from a judgment of conviction entered on May 15, 2006, in the Criminal Court of the City of New York, Queens County, convicting him after a nonjury trial of Attempted Stalking in the Third Degree, N.Y. Penal Law 110.00 & 120.50(3), and Harassment in the First Degree, N.Y. Penal Law § 240.25. Respondent now moves to dismiss the petition, arguing that Aponte does not satisfy the "in custody" requirement of 28 U.S.C. § 2254 and has not exhausted his state court remedies.[1] For the reasons stated below, respondent's motion to dismiss the petition is granted.

**I. Background**

On March 8, 2006, petitioner was convicted after a nonjury trial of Attempted Stalking in the Third Degree, N.Y. Penal Law 110.00 & 120.50(3), and Harassment in the First Degree, N.Y. Penal Law § 240.25. Petitioner was sentenced on May 15, 2006, to a one-year term of probation. Petitioner filed a brief in the Appellate Term, Second Department, raising three

---

[1] Petitioner has not responded to the instant motion. Respondent sent its motion papers to petitioner's last known address, 599 Morris Avenue, New York, New York, but the papers were returned as undeliverable. The Court has previously sent correspondence to the address listed on the petition, 34-30 24 Street, Long Island City, New York, but those papers were also returned as undeliverable. Petitioner's whereabouts are currently unknown.

1

claims: (1) the allegations in the criminal complaint were legally insufficient to support a charge of Stalking in the Third Degree and Harassment in the First Degree; (2) the evidence at trial was not sufficient to prove petitioner's guilt beyond a reasonable doubt; and (3) the reduced count of attempted third-degree stalking is not legally cognizable because the statute defining third-degree stalking encompasses actions in the nature of an attempt. In a decision and order dated June 29, 2009, the Appellate Term affirmed petitioner's conviction. Petitioner sought leave to appeal to the New York Court of Appeals on the ground that attempted third-degree stalking is not legally cognizable. Leave to appeal was granted, and the Court of Appeals affirmed the decision of the Appellate Term on February 10, 2011. People v. Aponte, 2011 N.Y. Slip Op. 00742, 2011 WL 445636 (N.Y. February 10, 2011).

On June 24, 2006, petitioner was arrested in Stroudsburg, Pennsylvania, in connection with an automobile accident, and incarcerated until September 10, 2006. Tarr Decl. ¶ 6. On September 22, 2006, the Queens County Criminal Court issued a bench warrant for petitioner's arrest for violation of his probation. Id., Ex. A, at 4. On January 4, 2007, in the Court of Common Pleas of Monroe County, Pennsylvania, petitioner was convicted of a third-degree misdemeanor, Accidents Involving Damage to Attended Vehicle. Id., Ex. B.

On January 22, 2007, the Monroe County Court sentenced petitioner to one to twelve months imprisonment and, as petitioner had already served his minimum period of incarceration, ordered that he immediately be placed on parole in Monroe County. Id., Ex. C. As a special term of petitioner's parole, the court further directed the petitioner to "take steps to address the outstanding warrant for his arrest that now exists in Queens County." Id., Ex. C. After petitioner failed to appear for a Monroe County parole violation hearing, the Monroe County Probation and

Parole Department requested petitioner's extradition, and on April 13, 2007, the Monroe County Court issued a warrant for petitioner's arrest. Id., Exs. D & E.

Petitioner apparently returned to New York where, on June 1, 2007, he was arrested on his Queens County bench warrant. Id., Ex. A, at 4. The Queens County Department of Probation (DOP) terminated petitioner's probation on June 22, 2007. Id. In preparation for this case, Officer Alan Smollen of the DOP informed the Queens County District Attorney's Office that the DOP terminated petitioner's probation in June of 2007 so that Pennsylvania could extradite petitioner in connection with his pending charges in that state. Id. ¶ 7.

**II. Discussion**

Respondent moves to dismiss the petition, arguing that Aponte does not satisfy the "in custody" requirement of 28 U.S.C. § 2254. The federal habeas statute gives the Court jurisdiction to review petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). Thus, to proceed on a petition for a writ of habeas corpus, a petitioner must make a threshold showing that he or she is "'in custody' under the conviction or sentence under attack at the time [the] petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see also Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001). A petitioner is considered "in custody" for purposes of habeas jurisdiction while he is on probation or parole. Maleng, 490 U.S. at 491; Carafas v. LaVallee, 391 U.S. 234, 238 (1968). However, a petitioner is not "in custody" if his sentence of incarceration or probation has been fully served and only collateral consequences related to the conviction remain. Maleng, 490 U.S. at 491-92. Here, petitioner's probation was terminated on June 22, 2007. Accordingly, petitioner is not "in custody" pursuant to the conviction under attack, and the petition is

dismissed. As the Court dismisses the petition for failure to satisfy the "in custody" requirement, the Court need not decide whether Aponte has exhausted his state court remedies.

### III. Conclusion

For the reasons stated, the action is dismissed. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to enter judgment and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
February 28, 2011

/Signed by Judge Amon/

Carol Bagley Amon
United States District Judge